UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD CAUNITZ,
               Plaintiff,

v.

IBM CORPORATION,
               Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

15 CV 9281 (VB)

Briccetti, J.:

    Plaintiff Richard Caunitz, proceeding pro se, brings this action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., alleging defendant IBM Corporation ("IBM") improperly denied him health reimbursement arrangement ("HRA") benefits under IBM's benefits plan for retired employees.

    Before the Court is IBM's motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. #6).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    For purposes of deciding the pending motion, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

    Plaintiff worked for IBM for 27 years, until he retired in 1995.  He is currently employed by the County of Rockland.

    Plaintiff alleges that before 2014 he "was eligible for all retiree IBM health care benefits."  (Compl. at 5).[1]  He further alleges that in 2014 IBM "changed the retiree enrollment

---

[1] The Complaint is filed as one 36-page document containing (i) a completed "Complaint for Employment Discrimination" form, (ii) a two-page summary of plaintiff's allegations, and (iii)

1

requirements" and under the new requirements, "to be eligible for retiree health care premium reimbursements [he] would have to now be a participant in both Medicare Part A and Part B." (Id.).

IBM's 2015 Benefits Plan for Retired Employees (the "Plan") provides an HRA benefit to its "Medicare-eligible retirees" who "enroll in individual medical or prescription drug coverage" through a "Medicare marketplace" operated by a separate entity, Towers Watson's OneExchange ("OneExchange"). (Lauri Decl. Ex. B at 171).[2] Under the Plan, "[t]o enroll in coverage through OneExchange, you must be enrolled in Medicare Part A and Part B." (Id. at 174). In addition, the Plan provides that "[t]he requirement to enroll . . . through the OneExchange Medicare marketplace does not apply if . . . [y]ou are . . . a Medicare-eligible retiree who is enrolled in health coverage through TRICARE for Life or eligible to obtain services from the Veterans Administration (VA)." (Id. at 175).

The parties agree plaintiff is enrolled in Medicare Part A but not Part B. Further, plaintiff is not enrolled in TRICARE for Life, nor is he eligible to obtain services from the VA.

Nevertheless, on December 4, 2014, plaintiff submitted a request for reimbursement of $2,374 in medical insurance premiums he paid in 2014. On January 2, 2015, OneExchange

---

29 pages of exhibits.  For ease of reference, the Court will cite to the page number as stamped by the ECF filing system at the top of the filing.

[2]   "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Here, plaintiff refers repeatedly to IBM's HRA policy, which is outlined in the company's 2015 "About Your Benefits: Post-Employment" manual, attached to defendant's Declaration of Kevin G. Lauri, Esq., as Exhibit B.  Although plaintiff's claim under the Plan arose in 2014, the parties agreed at an on-the-record conference on November 21, 2016, that the 2015 Plan governs and, in any event, they agree the relevant portions of the Plan did not change between 2014 and 2015.

denied his request. Over the next several months, plaintiff appealed that decision first to OneExchange, then to the Appeals Administrator, and then to the IBM Employee Services Center Plan Administrator. In each instance, his request was denied.

By letter dated September 8, 2015, the Plan Administrator advised plaintiff he (the Plan Administrator) had "conducted a final review of your appeal regarding your eligibility for" the HRA, and concluded plaintiff's request "must be denied." (Compl. at 7). The letter informed plaintiff that because his "health plan is subject to [ERISA], you may have the right to bring a civil action under section 502(a) of ERISA to challenge this decision." Plaintiff thereafter commenced this lawsuit.

## DISCUSSION

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.     Improper Defendant

IBM contends it is "not a proper Defendant because it is not the Plan or the Plan Administrator." (Def. Br. at 6).

The Court agrees.

"In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989).[3] An employer cannot be liable "in a suit brought under § 502(a)(1)(B), where the employer has designated a plan administrator in accordance with 29 U.S.C. § 1002(16)(A)." Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998). Section 1002(16)(A)

---

[3] The Second Circuit later clarified that "a claims administrator that exercises total control over the plan claims process" may also be "a proper defendant under § 502(a)(1)(B)." N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp., 798 F.3d 125, 132–33 (2d Cir. 2015), cert. denied sub nom. UnitedHealth Grp., Inc. v. Denbo, 136 S. Ct. 506 (2015). This is inapplicable here, as there is no suggestion IBM is the claims administrator under the Plan.

defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated."

Here, the Plan specifically designates as Plan Administrator "a committee which consists of three or more executive level employees appointed by action of the IBM Retirement Plans Committee."  (Lauri Decl. Ex. B at 222).

As a result, the Plan, the Plan Administrator, and any trustees of the Plan are the proper defendants here, not IBM.

Accordingly, plaintiff's claim against IBM for improper denial of benefits must be dismissed for failure to sue the proper party.

III.    Failure to State a Claim

Even assuming plaintiff had sued the proper defendant, plaintiff's claim under ERISA Section 502(a)(1)(B) must still be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

The Court reviews the plan administrator's decision de novo unless the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Where "the relevant plan vests its administrator with discretionary authority over benefits decisions . . . the administrator's decisions may be overturned only if they are arbitrary and capricious."  Roganti v. Metro. Life Ins. Co., 786 F.3d 201, 210 (2d Cir. 2015).  Under this standard, for the Court to reverse the administrator's determination, the decision must have been "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Id. at 211 (internal quotations and citation omitted).  The insured bears the burden of proving the plan covers a particular benefit.  Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 441 (2d Cir. 2006).

Here, the Plan provides, "[t]he Plan Administrator retains exclusive authority and discretion to interpret the terms of the benefit plans described herein." (Lauri Decl. Ex. B at 1). As a result, the arbitrary and capricious standard of review applies.

Plaintiff admits the Plan that applied to his claim for reimbursement required participants to be enrolled in both Medicare Part A and Part B unless certain exceptions applied. Plaintiff further admits he is not enrolled in Medicare Part B and none of the exceptions applies. In other words, plaintiff himself admits he has not met the qualifications for coverage under the Plan. Therefore, the Plan Administrator's decision was not only not arbitrary or capricious, it was a correct interpretation of the Plan. Denial of plaintiff's claim for reimbursement was thus warranted.

Accordingly, plaintiff's complaint fails to state a claim under ERISA Section 502(a)(1)(B).

IV.   Plaintiff's "Discrimination" Claim

Plaintiff also alleges the refusal to reimburse him for his medical costs amounts to "discriminat[ion]" based on his "voluntary and permissible choice to not participate in Medicare Part B while other IBM retirees are receiving full reimbursement for their health care premiums through the HRA." (Compl. at 5). He alleges IBM is discriminating against him because it gives certain individuals, namely those who are enrolled in Medicare Part A and Part B and those who receive TRICARE or VA coverage, a benefit IBM does not give to plaintiff. (Id. at 6).

Plaintiff misunderstands the employer's obligations under ERISA.

ERISA "does not regulate the substantive content of welfare-benefit plans." Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 732 (1985). In other words, "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the

provision of employee benefits." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983). As a result, "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995).

It was IBM's decision, for whatever unspecified reason, to provide benefits only to those retirees who are enrolled in both Medicare Part A and Part B or who fall into certain limited exceptions. The fact that certain retirees may benefit and others may not under the Plan does not state a claim for discrimination under ERISA or any other statute.

Accordingly, plaintiff's discrimination claim must be dismissed.

V.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." In addition, liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . futility of amendment." Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (affirming denial of leave to amend to pro se plaintiff on futility grounds and noting that "[a] proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)") (summary order).

Here, after IBM filed its motion to dismiss, the Court sua sponte granted plaintiff an opportunity to amend, but plaintiff chose not to do so. (See Docs. ##11, 12). In other words, the

Court has already given plaintiff a reasonable opportunity to show he has a valid claim. In addition, amendment would be futile because the issues that warrant dismissal are not curable by amended pleadings. Specifically, plaintiff has alleged he does not meet the requirements to receive the benefit he seeks. He cannot now truthfully amend to state he does meet those requirements.

Accordingly, under the circumstances, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #6) and close this case.

Dated: November 28, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge